DEVIN WEISBERG (SBN 230517)
WEISBERG LAW GROUP
700 S Flower St., Suite 1000,
Los Angeles, CA 90017-4112
Telephone:  (213) 385-0022
Facsimile:   (213) 385-0033
Email: devinweisberg@gmail.com

*Attorney for Plaintiffs,*
*The Estate of Vanessa Perez; et.al.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF VANESSA PEREZ, by and through her successors in interest SQUIRE ANGEL EAYRS, IGNACIO GABRIEL SOTO, ISAAC ISIAH SOTO, IVAN SALDANA, and MIGUEL ANGEL SALDANA; SQUIRE ANGEL EAYRS, an individual; IGNACIO GABRIEL SOTO, an individual; ISAAC ISIAH SOTO, a mentally disabled adult, by and through his legal guardian MARIA PEREZ; IVAN SALDANA, a minor, by and through his legal guardian MARIA PEREZ; MIGUEL ANGEL SALDANA, a minor, by and through his legal guardian MARIA PEREZ, Plaintiffs, <br> v. <br> COUNTY OF IMPERIAL, a public entity; NAPHCARE, INC., a private Alabama corporation; DOES 1 through 20, inclusive, Defendants. | Case No.  **'25CV1678 LL    DDL** <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1) **Deliberate Indifference to Serious Medical Needs – 42 U.S.C. § 1983** <br> 2) **Failure to Protect (42 U.S.C. § 1983)** <br> 3) **Monell Liability – 42 U.S.C. § 1983** <br> 4) **Wrongful Death – Cal. Code Civ. Proc. § 377.60** <br> 5) **Medical Negligence / Malpractice** <br> 6) **Failure to Summon Medical Care – Gov. Code § 845.6** <br> 7) **Survival Action (CCP § 377.30)** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

- 1 -

**COMPLAINT FOR DAMAGES**

# COMPLAINT FOR DAMAGES

Plaintiffs THE ESTATE OF VANESSA PEREZ, by and through her successors in interest SQUIRE ANGEL EAYRS, IGNACIO GABRIEL SOTO, ISAAC ISIAH SOTO, IVAN SALDANA, and MIGUEL ANGEL SALDANA; SQUIRE ANGEL EAYRS; IGNACIO GABRIEL SOTO; ISAAC ISIAH SOTO, a mentally disabled adult, by and through his legal guardian MARIA PEREZ; IVAN SALDANA, a minor, by and through his legal guardian MARIA PEREZ; and MIGUEL ANGEL SALDANA, a minor, by and through his legal guardian MARIA PEREZ ("Plaintiffs"), by and through their undersigned counsel, complain and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for federal civil rights claims brought under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

3. Venue lies in the Southern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Imperial County, California, and all defendants reside in this judicial district.

## II. PARTIES

4. Plaintiff THE ESTATE OF VANESSA PEREZ brings claims for decedent's pre-death injuries and pain and suffering through her successors in interest, who are her surviving children: SQUIRE ANGEL EAYRS, IGNACIO GABRIEL SOTO, ISAAC ISIAH SOTO, IVAN SALDANA, and MIGUEL ANGEL

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT FOR DAMAGES**

SALDANA. Plaintiffs are in the process of executing declarations under California Code of Civil Procedure § 377.32 affirming their status as successors in interest. Plaintiffs will file the fully executed declarations with the Court promptly upon completion.

5. Plaintiff SQUIRE ANGEL EAYRS is the surviving adult son of decedent VANESSA PEREZ.

6. Plaintiff IGNACIO GABRIEL SOTO is also a surviving adult son of decedent VANESSA PEREZ.

7. Plaintiff ISAAC ISIAH SOTO is a mentally disabled adult son of decedent, bringing suit through his grandmother and legal guardian MARIA PEREZ.

8. Plaintiffs IVAN SALDANA and MIGUEL ANGEL SALDANA are minor sons of VANESSA PEREZ, both of whom are also represented by their grandmother and legal guardian MARIA PEREZ.

9. At all relevant times, VANESSA PEREZ was a pretrial detainee held at the Imperial County Jail in El Centro, California.

10. Defendant COUNTY OF IMPERIAL is a public entity and legal subdivision of the State of California, responsible for the operation of the Imperial County Jail and for the training and supervision of its employees.

11. Defendant NAPHCARE, INC. is a private medical services corporation headquartered in Alabama that contracts with Imperial County to provide medical and mental health services at the Imperial County Jail.

12. Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants 1 through 20 were employees, agents, or contractors of the County or NaphCare and, at all relevant times, acted under color of state law.

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

**COMPLAINT FOR DAMAGES**

## III. FACTUAL ALLEGATIONS

13. On or about July 12, 2024, Vanessa Perez was arrested and booked into the Imperial County Jail at approximately 4:33 p.m.

14. Upon intake, Vanessa tested positive for methamphetamine, amphetamine, MDMA, and THC. Despite clear signs of intoxication, she was not placed on any drug withdrawal protocol or given appropriate monitoring.

15. NaphCare medical staff conducted a Columbia Suicide Severity Rating Scale assessment which indicated that Vanessa denied suicidal ideation, but they failed to conduct a more comprehensive assessment appropriate for someone under the influence of methamphetamine and other stimulants.

16. Vanessa was placed in a housing unit without being evaluated by a licensed mental health professional and was not placed on any form of suicide watch, even though stimulant withdrawal and recent drug use are known to increase suicide risk.

17. At no point did correctional staff or NaphCare personnel perform adequate observation checks in accordance with California regulations or recognized correctional healthcare standards.

18. In the early morning hours of July 13, 2024, Vanessa Perez was discovered deceased in her jail cell from suicide by hanging, using a ligature fashioned from a sheet and tied to the upper frame of a bunkbed.

19. NaphCare personnel had not conducted a meaningful follow-up examination or reassessment of Vanessa's condition between intake and the time of her death.

20. Defendants' failure to implement proper mental health screening, drug withdrawal monitoring, and suicide prevention measures proximately caused Vanessa Perez's death.

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

**COMPLAINT FOR DAMAGES**

21. Pursuant to the California Government Claims Act (Government Code §§ 810 et seq.), Plaintiffs timely submitted a written claim for damages to Defendant County of Imperial. The claim was received and stamped by the County on or about November 18, 2024. The County failed to provide a written response within 45 days, and the claim was therefore rejected by operation of law. This action is timely filed within six months of that rejection. Plaintiffs have complied with all conditions precedent to bringing suit under the Act.

## IV. CAUSES OF ACTION

### First Cause of Action

### Deliberate Indifference to Serious Medical Needs – 42 U.S.C. § 1983
(Against All Defendants, including DOES 1–10)

22. Plaintiffs reallege and incorporate all prior paragraphs as though fully set forth herein.

23. Vanessa Perez had a serious medical and mental health need due to her acute intoxication, stimulant use, and incarceration in a custodial setting.

24. Defendants knew of and disregarded this serious medical need by failing to: a. Implement drug withdrawal protocols; b. Provide qualified mental health evaluations; c. Place Vanessa on suicide watch; d. Conduct regular and adequate observation checks.

25. Defendants acted with deliberate indifference by failing to take reasonable measures to address Vanessa's medical and psychological condition, which created a substantial risk of serious harm.

26. As a direct and proximate result of Defendants COUNTY OF IMPERIAL, NAPHCARE, and DOES 1 through 10's actions and omissions, Vanessa

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT FOR DAMAGES**

Perez suffered pain, suffering, and ultimately death, violating her rights under the Fourteenth Amendment.

27. The conduct of Defendants, and each of them, was willful, malicious, and done with reckless disregard for the constitutional and legal rights of Vanessa Perez. Plaintiffs therefore seek an award of punitive damages against all Defendants subject to punitive liability under law.

## Second Cause of Action

### Failure to Protect (42 U.S.C. § 1983)

(By All Plaintiffs Against All Individual Defendants and Private Entity Defendants and DOES 1-10)

28. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

29. Defendants, including but not limited to correctional officers, jail staff, medical personnel, and their supervisors employed by or acting on behalf of the COUNTY OF IMPERIAL and NAPHCARE, INC., owed a duty under the Eighth and/or Fourteenth Amendments to take reasonable measures to ensure the safety and protection of Vanessa Perez while in custody.

30. Vanessa Perez was a pretrial detainee and a known drug user who displayed signs of recent drug use, agitation, and vulnerability. She required close supervision, appropriate medical detoxification, and placement in a safe environment.

31. Despite these known risks, Defendants failed to take adequate precautions to protect her from self-harm or suicide, including but not limited to failing to conduct appropriate medical and mental health assessments, failing to provide adequate supervision, and failing to house her in a suicide-resistant environment.

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT FOR DAMAGES**

32. Defendants' failure to protect Vanessa Perez from self-harm constitutes deliberate indifference to a substantial risk of serious harm, in violation of her clearly established constitutional rights.

33. As a direct and proximate result of Defendants COUNTY OF IMPERIAL, NAPHCARE, and DOES 1 through 10's actions and omissions, Vanessa Perez suffered pain and suffering, emotional distress, and ultimately death. Her heirs and Estate have suffered resulting injuries and damages as set forth above.

34. The conduct of Defendants, and each of them, was willful, malicious, and done with reckless disregard for the constitutional rights of Vanessa Perez. Plaintiffs therefore seek punitive damages against all individual and private entity Defendants subject to such liability.

### Third Cause of Action

### Monell Liability – 42 U.S.C. § 1983
(Against COUNTY OF IMPERIAL, NAPHCARE, and DOES 11–15)

26. Plaintiffs reallege and incorporate all prior paragraphs.

27. At all relevant times, Defendants COUNTY OF IMPERIAL and NAPHCARE, and DOES 11 through 15 maintained unconstitutional customs, practices, and/or policies that resulted in: a. Failure to train and supervise jail and medical staff regarding suicide prevention and stimulant withdrawal; b. Inadequate intake screening procedures; c. A practice of ignoring symptoms of drug intoxication; d. Failure to ensure 15- or 30-minute welfare checks in compliance with regulations.

28. These policies, practices, or customs—maintained or ratified by COUNTY OF IMPERIAL, NAPHCARE, and DOES 11 through 15—were a moving

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

**COMPLAINT FOR DAMAGES**

force behind the constitutional violations suffered by Vanessa Perez and demonstrate deliberate indifference to the rights of detainees.

29. The conduct of Defendants, and each of them, was willful, malicious, and done with reckless disregard for the constitutional and legal rights of Vanessa Perez. Plaintiffs therefore seek an award of punitive damages against all Defendants subject to punitive liability under law.

### Fourth Cause of Action

### Wrongful Death – Cal. Code Civ. Proc. § 377.60
(Against All Defendants, including DOES 1–20)

29. Plaintiffs reallege and incorporate all prior paragraphs.

30. Each of the individual plaintiffs named herein brings this wrongful death cause of action as a surviving heir of Vanessa Perez pursuant to California Code of Civil Procedure § 377.60, and seeks compensation for their individual losses, including the loss of her love, companionship, comfort, care, assistance, protection, and moral support.

31. Defendants negligently and wrongfully caused the death of Vanessa Perez by failing to provide her with adequate medical care, supervision, and protection.

32. As a direct result of the negligence and wrongful conduct of Defendants COUNTY OF IMPERIAL, NAPHCARE, and DOES 1 through 20, Plaintiffs have suffered the loss of love, companionship, comfort, care, assistance, protection, and moral support of Vanessa Perez.

**Fifth Cause of Action**

**Medical Negligence / Malpractice**

(Against NAPHCARE and DOES 5–15)

32. Plaintiffs reallege and incorporate all prior paragraphs.

33. NAPHCARE and its employees owed Vanessa Perez a duty to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical professionals would use in the same or similar circumstances.

34. NAPHCARE breached this duty by failing to: a. Recognize Vanessa's acute intoxication and risk of suicide; b. Monitor or treat her for withdrawal; c. Reassess her mental and medical status following intake.

35. A § 364 notice was timely served on NAPHCARE on June 4, 2025.

36. As a result of NAPHCARE's and DOES 5 through 15's breach of the applicable standard of care, Vanessa Perez suffered avoidable death.

**Sixth Cause of Action**

**Failure to Summon Medical Care – Gov. Code § 845.6**

(Against COUNTY OF IMPERIAL and DOES 1–20)

37. Plaintiffs reallege and incorporate all prior paragraphs.

38. At all relevant times, Vanessa Perez was a prisoner in a custodial facility under the control of the County of Imperial.

39. County employees and agents, including correctional officers and medical personnel, knew or had reason to know that Vanessa was in need of immediate medical care due to signs of acute stimulant intoxication, withdrawal symptoms, and psychological instability.

40. Despite this knowledge, Defendants failed to take reasonable steps to summon or provide necessary medical or psychiatric care.

41. The failure to summon care was a substantial factor in causing Vanessa Perez's death.

42. Pursuant to Government Code § 845.6, Defendants are liable for failing to summon necessary medical care for an incarcerated individual.

## Seventh Cause of Action

## Survival Action (CCP § 377.30)

(By the Estate of Vanessa Perez through her successors in interest against all Defendants)

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

44. Plaintiff THE ESTATE OF VANESSA PEREZ brings this cause of action pursuant to California Code of Civil Procedure § 377.30 for damages incurred by Vanessa Perez prior to her death, including conscious pain and suffering, emotional distress, and violations of her civil rights while she was in custody.

45. This claim is brought by her successors in interest, including her surviving children as identified above, who are duly authorized and have standing to assert claims on behalf of the Estate.

46. Defendants, and each of them, by their acts and omissions alleged herein, caused Vanessa Perez to suffer pre-death injuries in violation of her rights under federal and state law, including but not limited to deliberate indifference to serious medical needs, failure to protect, and deprivation of constitutional rights under the Eighth and Fourteenth Amendments.

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

**COMPLAINT FOR DAMAGES**

47. As a direct and proximate result of Defendants' conduct, Vanessa Perez suffered pain and suffering, emotional distress, and ultimately death, for which the Estate seeks damages.

48. The Estate further seeks recovery of attorneys' fees, costs, and all other relief the Court deems just and proper.

49. The conduct of Defendants, and each of them, was willful, malicious, and done with reckless disregard for the constitutional and legal rights of Vanessa Perez. Plaintiffs therefore seek an award of punitive damages against all Defendants subject to punitive liability under law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1. General and special damages in an amount to be proven at trial;

2. Wrongful death damages for loss of companionship and support;

3. Survival damages for pre-death pain and suffering;

4. Past and future medical, incidental, and service expenses according to proof;

5. Punitive and exemplary damages according to proof;

6. Attorneys' fees under existing law;

7. Costs of suit;

8. Pre- and post-judgment interest on all damages as allowed by law;

9. For such other and further relief as the Court may deem just and proper.

DATED: July 1, 2025                    **WEISBERG LAW GROUP**
                                       By:    /S/DEVIN WEISBERG
                                       Devin Weisberg
                                       Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.


DATED: July 1, 2025                    **WEISBERG LAW GROUP**
                                       By:   /S/DEVIN WEISBERG
                                             Devin Weisberg
                                             Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES**

WEISBERG LAW
GROUP
ATTORNEYS AT LAW
LOS ANGELES